JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

FREDDIE DOSS,

        Plaintiff,

v.

RALPH DIAZ, et al.,

        Defendant.

Case No. CV 20-05023 VBF (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

    The Court dismisses this action without prejudice due to the failure of a pro se litigant to amend his complaint or respond to court orders.

    \* \* \*

    1.    This is a prisoner civil rights action. Plaintiff Doss formerly was an inmate at the state prison in Lancaster, California. He alleges that a prison psychologist and a member of the prison's classification committee improperly rejected his request for single-cell housing status. (Docket # 1 at 4.) Plaintiff contends that this action violated his Eighth Amendment

right to be free from cruel and unusual punishment, and various state law obligations.

2. In June 2020, Magistrate Judge Wilner screened the original complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Judge Wilner dismissed the complaint with leave to amend. The dismissal order noted, among other defects, that Plaintiff failed to state facts sufficient to establish that any party acted in a manner that was "deliberately indifferent" to Plaintiff's safety. To the extent that Plaintiff challenged his housing determination, the Court informed Plaintiff that this was not reviewable in federal court. Further, Plaintiff did not demonstrate that he properly filed a state tort claim, which is a prerequisite to a lawsuit. (Docket # 8.)

3. Judge Wilner gave Plaintiff leave to file an amended complaint. Plaintiff did so in July 2020. (Docket # 10.) However, Judge Wilner concluded that the amended complaint was "virtually unchanged and read almost word-for-word" from the original complaint. (Docket # 11 at 1.) The amended complaint was again dismissed with leave to amend.

4. Judge Wilner set an August 20 deadline for Plaintiff to amend his complaint or voluntarily dismiss the action. The order specifically warned Plaintiff that failure to comply would result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b). (Docket # 11 at 2.)

5. Plaintiff failed to file a timely response to the order. He also failed to file any updated or amended complaint.

* * *

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

8. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

9. In the present action, the Court finds dismissal of the action without prejudice is appropriate. Plaintiff failed to make any meaningful amendment to his defective complaint after receiving a detailed explanation of those defects from the magistrate judge. Further, after receiving leave to amend his complaint again, Plaintiff failed to respond at all. Plaintiff's refusal or inability to file a plausible complaint in light of the court's warnings demonstrates that he has no interest in advancing the action here.

10. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given

that Plaintiff effectively chose to abandon his case by failing to respond to court orders, thereby preventing any feasible advancement of the case. Furthermore, because Plaintiff is a pro se litigant who did not abide by the the Court's previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

11. Therefore, the present action is DISMISSED without prejudice.[1]

IT IS SO ORDERED.

Dated: October 26, 2020

HON. VALERIE BAKER FAIRBANK  SENIOR U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. However, due to the ongoing coronavirus crisis, the Court exercises its discretion to dismiss the action without prejudice.

4